UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MICROTEL INNS AND SUITES FRANCHISING, INC., a Georgia Corporation, <br><br> Plaintiff, <br> v. <br><br> PRESIDENTIAL HOSPITALITY, LLC, a New Mexico Limited Liability Company, and SAM BLUE, an individual, <br><br> Defendants. | Civil Action No. <br><br> 2:17-CV-5637-SDW-SCM <br><br> **OPINION AND ORDER ON MOTION TO TRANSFER** <br><br> **[D.E. 17]** |

**Steven C. Mannion**, United States Magistrate Judge

Before this Court is the motion to stay, dismiss, or transfer by defendants, Presidential Hospitality, LLC ("Presidential") and Sam Blue.[1] The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for disposition in accordance with Local Civil Rule 72.1(a)(1). There was no oral argument. Upon consideration of the parties' submissions and for the reasons set forth herein, Defendants' motion to transfer venue and to stay is **DENIED**, and the motion to dismiss shall be terminated pending further jurisdictional discovery.

---

[1] (ECF Docket Entry No. ("D.E.") 17). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

On August 1, 2017, this action was filed by Plaintiff, Microtel Inns and Suites Franchising, Inc. ("Microtel").[3] The complaint alleges that Microtel and Mr. Blue entered into a license agreement for the construction and operation of a Microtel guest lodging facility in Durango, Colorado for a twenty year term.[4] According to the agreement, Mr. Blue is required to make periodic payments to Microtel for the license to operate the hotel. Mr. Blue subsequently assigned his rights and obligations under the License Agreement to Presidential,[5] and he provided Microtel with a Guaranty of Presidential's obligations under the License Agreement.[6] Microtel alleges that Defendants' refusal to make payments resulted in the premature termination and breach of the license agreement for the operation of the hotel. The License Agreement is governed by New Jersey law, and includes a consent to jurisdiction and venue provision that all disputes between the parties shall be instituted exclusively in the state or federal court of general jurisdiction closest to Microtel's then-current principal business address, which is in Parsippany, New Jersey.[7]

On September 12, 2017, Presidential filed an action in the San Juan County Court in New Mexico against Microtel and others (the "New Mexico" action).[8] On September 26, 2017,

---

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1).

[4] (D.E. 9-1).

[5] (D.E. 9-2, secton 1, 9(C), 9(D)).

[6] (D.E. 9-03).

[7] (D.E. 9-3); (D.E. 9-2, sec 13(N)).

[8] (D.E. 17-2, Certification of Sam Blue ¶5).

Microtel and the other defendants removed the New Mexico action to the U.S. District Court for the District of New Mexico.[9] On September 29, 2017, Microtel filed a motion to transfer venue in the New Mexico action to this Court.[10] The complaint challenges the validity of the agreements and documents executed with Microtel, including the venue provision.[11] Defendants allege that Microtel and its parent company fraudulently induced them to enter into the agreements at issue in this litigation and seek to rescind the agreement and venue provision and have them declared void *ab initio*.[12]

In the New Mexico action, Presidential alleges that Microtel and its parent company Wyndham began a relationship with Mr. Blue in 2011 through which they used representations, promises, omission, and high-pressured sales tactics to fraudulently induce Presidential and Blue to enter into the Microtel construction and operation agreement and related documents, including an assignment, guaranty, and Note.[13] The discussions at issue took place while Defendants were in New Mexico, the agreement was executed in New Mexico, and a check for the Agreement was delivered in New Mexico.[14]

---

[9] (D.E. 17-3, Certification of Derrick Freijomil Ex. B, Not. of Removal)

[10] (D.E. 17-3, Certification of Derrick Freijomil Ex. C)

[11] (D.E. 17, ¶7)

[12] (D.E. 17-2, Certification of Sam Blue, Ex. A).

[13] (D.E. 17-1, at 3).

[14] *Id*. at ¶7.

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[15] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[16] Motions to transfer are non-dispositive.[17] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[18]

## III. DISCUSSION AND ANALYSIS

### A. First to File Rule

The first-to-file rule "provides that [i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[19] The first-to-file rule "is a policy of comity which counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts."[20] It "encourages sound judicial administration and promotes comity among federal courts of equal rank."[21] The rule also "applies

---

[15] 28 U.S.C. § 636(b)(1)(A).

[16] L. Civ. R. 72.1(a)(1).

[17] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[18] 28 U.S.C. § 636(b)(1)(A).

[19] *Wheaton Industries, Inc. v. Aalto Scientific, Ltd.*, No. 12-6965, 2013 WL 4500321, at *2 (D.N.J. Aug. 21, 2013) (internal citations and quotations omitted).

[20] *Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, No. 08-668, 2008 WL 4852683, at *1 (D.N.J. Nov. 7, 2008)(SDW) (quoting *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971-2 (3d. Cir. 1988) (internal quotations omitted).

[21] *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971-2 (3d. Cir. 1988).

where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other action."[22] "However the issues and parties need not be identical."[23]

"The first-to-file rule permits a court to dismiss, stay, or transfer the later-filed action."[24] In deciding whether to transfer pursuant to the first-to-file rule, a court must consider the same factors applicable to a motion to transfer under 28 U.S.C. § 1404(a). "If the factors balance in favor of the first to file rule, then a court may properly…transfer the second-filed action to avoid duplicative litigation under its 'inherent powers.'" Id.

Here, both this Court and the District of New Mexico appear to have concurrent jurisdiction over a nearly identical case. It is undisputed that the two cases are based on the validity and enforceability of a License Agreement. All the parties in the instant action are also named parties in the New Mexico action. The instant action was filed first, and the New Mexico action was filed approximately six weeks later. None of the exceptions to the first to file rule, such as bad faith, forum shopping, or the fact that the second-filed action developed further than the first-filed action, are alleged to have taken place here by Defendants. Hence, the first to file rule dictates that this court decide the issues in this action.

Because the Court finds that the first-to-file rule applies, it will not stay the case in this Court. The Court finds that it is not in the interest of judicial economy to stay the instant action pending the outcome of the action in the District of New Mexico, in light of the fact that the first-filed action was filed in this District.

---

[22] *Wheaton*, 2013 WL 4500321, at *2 (internal citations and quotations omitted).

[23] *Id.*

[24] *Id.*

### B. Transfer under 28 U.S.C. 1404

The first-to-file rule notwithstanding, Defendants fail to meet their burden of demonstrating that a transfer of this action to the District of New Mexico under 28 U.S.C. 1404 is warranted.

28 U.S.C. 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"The purpose of §1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense."[25] Transfer analysis under § 1404 is flexible and individualized, with no rigid rule governing a court's determination.[26] "The decision whether to transfer falls in the sound discretion of the trial court."[27]

In this action, Microtel does not dispute whether the action "might have been brought" in the District of New Mexico, notwithstanding the first to file rule. Because the License Agreement was executed in New Mexico, a substantial part of the events giving rise to the claim occurred in the District of New Mexico.

Nonetheless, the private and public interest factors, taken together, do not weigh in favor of transfer to the District of New Mexico. In considering a motion to transfer, the plaintiff's choice

---

[25] *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

[26] *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (internal citations omitted).

[27] *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

of venue should not be lightly disturbed.[28] When a plaintiff chooses a home forum, its choice of venue is "entitled to greater deference."[29] Because Microtel is headquartered in Parsippany, New Jersey and chose New Jersey as its venue, its choice should not be lightly disturbed. While Defendants argue that the books and records and witnesses are located in New Mexico, Defendants do not name any witnesses or explain why it is more inconvenient for it to bring its employee witnesses to New Jersey than it would be for Plaintiffs to bring their witnesses to New Mexico. Even assuming that the relevant acts at issue occurred in New Mexico, there is no indication that Defendants would be burdened by producing evidence, witnesses, or books and records in the District of New Jersey, and they do not make any of those arguments themselves. Thus, the Court finds that the private interest factors do not weigh for or against transfer to the District of New Mexico.

The public interest factors do not weigh in favor of transfer to the District of New Mexico. The first to file rule's goal of avoiding burdening the federal judiciary and preventing forum shopping and the judicial embarrassment of conflicting judgments would be met by keeping the action in this District as the first-filed action. While the Defendants argue that the District of New Jersey has a higher average number of civil cases per judge than the District of New Mexico, this does not mean that this District will be less expeditious or able to adjudicate issues in this action. Although Defendants argue that Microtel's claims under the Note do not fall under this Court's jurisdiction and do not belong here by any venue provision, and would therefore result in severance of claims and piecemeal litigation, Defendants did not supply the Court with sufficient information to make determinations regarding personal jurisdiction over these claims. Because Defendants

---

[28] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

[29] *Tischio v. Bontext*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998).

fail to meet their burden of demonstrating that this action should be transferred to the District of New Mexico, their alternative motion to transfer is denied.

### C. Dismissal

Defendants also request that this Court dismiss this action for lack of personal jurisdiction. However, if the forum selection clause of the underlying License Agreement is valid, then Defendants will have consented to venue and jurisdiction in this District. The Court finds that further briefing and potential jurisdictional discovery is required in order for it to determine whether the forum selection clause is valid, whether New Mexico Stat. Ann. 57-28A-1 applies, and whether Defendants have sufficient minimum contacts with New Jersey should the clause be found invalid. Therefore, the motion to dismiss for lack of personal jurisdiction shall be administratively terminated pending further jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to stay is denied, the motion to transfer is denied, and the motion to dismiss is administratively terminated pending jurisdictional discovery.

An appropriate Order follows.

**ORDER**

IT IS on this Thursday, March 08, 2018,

1. **ORDERED** that Defendants' Motion to Stay and Motion to Transfer[30] are **DENIED**; and it is further

2. **ORDERED** that Defendants' Motion to Dismiss is administratively terminated pending jurisdictional discovery; and it is further

---

[30] (D.E. 17).

3. **ORDERED** that there will be a telephone conference at 2:00 p.m. on March 19, 2018 regarding jurisdictional discovery. Plaintiffs shall initiate the call. The parties shall meet and confer regarding a schedule for jurisdictional discovery and submit a joint proposal to the Court by March 12, 2018.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/8/2018 11:41:19 AM

Original: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
    All parties
    File